NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AFC REALTY CAPITAL, INC., Plaintiff-Appellee, v. SUNDEEP S. DALE; et al., Defendants-Appellants. | No. 22-16786 D.C. No. 2:18-cv-02389-MCE-JDP MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 5, 2024
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Defendant-Appellants Sundeep S. Dale; Rohit Ranchhod; Dale Investments, LLC; Sundeep Dale, LLC; California Fruit Building, LLC; and American Hospitality Services, Inc. (Defendants) appeal the district court's order granting summary judgment to Plaintiff-Appellee AFC Realty Capital, Inc. asking us to direct the district court to grant summary judgment for Defendants instead. Alternatively,

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants argue the cross motions for summary judgment should be denied and the case remanded for trial. Finally, Defendants challenge the district court's award of prejudgment interest. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *See Idaho Conservation League v. Poe*, 86 F.4th 1243, 1246 (9th Cir. 2023). We review a grant or denial of prejudgment interest for abuse of discretion. *See Acosta v. City Nat'l Corp.*, 922 F.3d 880, 885 (9th Cir. 2019).

***1.*** ***Brokerage activities "within this state."*** Under California Business and Professions Code § 10130, "[i]t is unlawful for any person to engage in the business of, act in the capacity of, advertise as, or assume to act as a real estate broker . . . within this state without first obtaining a real estate license." "A contract to perform acts barred by California's licensing statutes is illegal, void and unenforceable." *Consul Ltd. v. Solide Enterprises, Inc.*, 802 F.2d 1143, 1148 (9th Cir. 1986). California's licensing statute further expressly prohibits any lawsuit seeking compensation for unlicensed broker activity occurring "within" California. Cal. Bus. & Prof. Code § 10136.[1] Thus, a plaintiff who performed work as an unlicensed

---

[1]The full text of the relevant portion of § 10136 reads as follows:

No person engaged in the business or acting in the capacity of a real estate broker . . . within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this article without alleging

broker "within" California has no contract remedy for work performed and cannot recover in equity. *See Castillo v. Barrera*, 146 Cal. App. 4th 1317, 1328–29 (2007); *Consul*, 802 F.2d at 1151 n.8 (Even "*de minimis* brokerage activity in California [without a license] . . . bar[s] recovery under California law" from breach of contract lawsuits.).

The parties dispute the meaning of "within this state" as used in § 10130. There is no published California authority construing what constitutes broker activities "within this state" under the relevant statutes. But we addressed this question in *Consul*. Applying California law, we held that a real estate broker who was not licensed in California could recover for services relating to property located in California because he did not perform any regulated acts within the physical boundaries of California. *Consul*, 802 F.2d at 1149–51. We explained that absent California case law directly addressing the issue, we were "hesit[ant] to ignore [the] plain language" of §§ 10130 and 10136, which clearly "refer to acts *within the state*." *Id*. at 1149–50.

*Consul* has not been undermined by any subsequent California appellate decision. Therefore, *Consul* controls given its factual similarity to this case. Like the brokers in *Consul*, *see id*. at 1149, AFC and its president Arthur Fefferman did not

and proving that he or she was a duly licensed real estate broker or real estate salesperson at the time the alleged cause of action arose.

3

perform any broker work within the geographic boundaries of California. *See* Cal. Bus. & Prof. Code § 10131; *see also Tyrone v. Kelley*, 9 Cal. 3d 1, 11 (1973) ("[A broker] enters into the negotiation of the transaction or other activities beyond introduction."). Fefferman visited California once to tour the California Fruit Building. He testified that he did not solicit any lenders during this trip. deposed, Ranchhod did not recall Fefferman's visit, and Dale recalled only having dinner with Fefferman after his tour of the building.[2] This record does not establish as a matter of law that Fefferman sold, negotiated to sell, offered to sell, solicited prospective buyers or lenders, leased, negotiated loans, or negotiated the purchase of a business opportunity while he was in California.[3] *See* Cal. Bus. & Prof. Code § 10131.

---

[2]We deny AFC's motion to take judicial notice of excerpts from the depositions of Ranchhod and Dale [Dkt. 30]. The district court granted AFC's motion to correct the record on appeal, *see* Order, *AFC Realty Cap., Inc. v. Dale*, No. 2:18-cv-02389 (E.D. Cal. June 17, 2022), ECF No. 96, which included excerpts from these deponents' depositions. *See id.* ECF Nos. 93-3, 93-4. Those excerpts are thus part of the record on appeal. *See* Fed. R. App. P. 10(a); *see also* 9th Cir. R. 10-2 (contents of the record on appeal). And judicial notice of documents filed with the district court is unnecessary. *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009). In reaching its decision, this court does not rely on deposition testimony outside of the excerpts presented in the district court.

[3]Defendants argue that the difference in procedural posture between *Consul* and this case is material. If anything, this cuts against Defendants' arguments because the district court here had a developed summary judgment record that lacked any evidence that Fefferman engaged in broker activities in California. In contrast, the district court in *Consul* had only pleadings and was required to take the nonmovant's factual allegations as true. *See Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 938 (9th Cir. 2023). More importantly, the procedural posture has no effect on the precedential authority of statutory interpretation.

Defendants suggest that, at a minimum, there are triable issues of fact that defeat both parties' competing motions for summary judgment. But Defendants offer no explanation or description of the material facts that they contend are in dispute, and as the district court correctly stated, there is "no dispute that all relevant work was performed by Fefferman in New York, where he had a broker's license, and not in California." The dispute presented is a legal question, grounded in statutory interpretation, about whether the agreed-upon facts of Fefferman's activities *outside* California are sufficient to invoke California's real estate licensing statutes requiring that brokers "within the state" be licensed by California. *See United States v. Marbella*, 73 F.3d 1508, 1515 (9th Cir. 1996) (stating statutory interpretation is a legal question). This is properly resolved at summary judgment.

Moreover, Defendants neither questioned AFC's performance nor offered *any* argument challenging the district court's conclusion that Defendants breached their contract with AFC. Therefore, the district court did not err in resolving the cross motions in favor of AFC and finding no dispute of material fact as to whether AFC or Fefferman performed broker activities "within" California and Defendants breached their contract.

2. *Judicial Admission.* Defendants also argue the district court erred by not addressing that AFC's first amended complaint sought a "finders" fee rather than broker compensation. According to Defendants, the reference to a "finder's fee" is

a judicial admission that binds AFC and AFC cannot recover fees as a broker. This argument fails for two reasons. First, as a procedural matter, Defendants waived this issue by not raising it to the district court despite having ample opportunities to do so after AFC filed its first amended complaint. *See Tarpey v. United States*, 78 F.4th 1119, 1126 (9th Cir. 2023) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (citation omitted)). Second, on the merits, in this context a "finder" is a legal category (as is "broker") rather than a factual assertion. *See* Cal. Bus. & Prof. Code § 10131. As a result, AFC's reference to a "finder's fee" is not a judicial admission. *See, e.g.*, *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (judicial admissions are *factual* assertions).

    **3.**     ***Prejudgment Interest.*** Finally, Defendants argue that the district court erred in awarding prejudgment interest "from the time that the Stonehill Term Sheet was signed, rather than the date of breach and/or the date of closing of the loan." California caselaw clearly states that prejudgment interest accrues from the day "the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009) (discussing Cal. Civ. Code § 3287(a)). AFC's damages became certain in August 2017 when the parties signed the Term Sheet and Stonehill stated the amount it would loan Defendants. Because AFC's fees are based on a

percentage of the "loan commitment amount," the district court appropriately awarded prejudgment interest on AFC's restitution claims from the date that the loan agreement between Defendants and the lender that AFC procured was signed.

**AFFIRMED.**